FILED

2013 Oct-30  PM 12:19
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### <u>SOUTHERN DIVISION</u>

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **2:13-CV-630-KOB** |
| **v.** | ) | |
| | ) | |
| **$10,000.00 in UNITED STATES** | ) | |
| **CURRENCY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

This matter is before the court on the United States' "Motion to Strike Claim" (doc. 7), requesting that the court strike the claim of Stephen Dale Hobbs, and the court's "Order to Show Cause" (doc. 8), ordering Hobbs to show cause in writing on or before October 23, 2013 why the motion to strike his claim should not be granted. Hobbs did not respond to the Show Cause Order. For the reasons stated in this Memorandum Opinion, the court will GRANT the motion and strike Hobbs's claim.

The "Verified Complaint for Forfeiture in Rem" that the United States filed in this case arises from a traffic stop in November of 2012 in which police officers stopped the vehicle Stephen D. Hobbs was driving because Hobbs was not wearing a seatbelt. Officers transported Hobbs to jail after finding a substance they believed to be marijuana as well as pill bottles with Hydrocodone in the vehicle floorboard. When the officers searched Hobbs, they found a marijuana pipe in his pocket, a substance thought to be marijuana in his right boot, and a brown

1

paper bag of money in his left boot.  The officers seized the currency, which totaled $10,000.00, and is the Defendant currency subject to forfeiture in this action.  (Doc. 1).

As set out in the motion to strike, the notice sent both to Hobbs individually and to the attorney representing him at the time gave a deadline of May 21, 2013 to file a claim.  Hobbs, then proceeding *pro se*, contacted the government before the deadline, explaining that he no longer had an attorney but wished to file a claim, and Hobbs subsequently timely filed a purported claim on May 21[1], 2013.  The hand-written claim had a heading with the style of this case, and stated simply: "I Stephen Dale Hobbs do hereby lay claim to the above mentioned currency, on the basis of the attached documents," and contained Hobbs's unverified signature.

The claim attached two documents.  One was the affidavit of Scott Roebuck, an attorney who represented Hobbs in the probate of his father's estate, and he attests that in June of 2007, "a check was issued to Mr. Stephen Dale Hobbs in the amount of $61,750.00 from the estate," and that a significant amount of cash was in Hobbs's home safe "at a later date" when Roebuck visited Hobbs there.  Roebuck further testified that Hobbs told him the money in the safe came from the estate distribution. (Doc. 5, at 2).

The second document attached to Hobbs's claim was a copy of the check made out to Stephen Dale Hobbs in the amount of $61,750.00 on the estate account and purporting to be a "distribution per court order dated May 15, 2007."  (Doc. 5, at 3).  No further documents establish a tie between the cash received in 2007 to the cash in Hobbs's boot five years later in 2012, and Hobbs does not specifically state that such a tie exists in his claim.

---

[1] The document includes two stamps: one dated May 21, 2013 and another dated May 24, 2013.  However, the docket clerk's records indicate that May 21, 2013 is the actual filing date.

On June 3, 2013, the government sent Hobbs a letter via certified mail, advising him that the purported claim was defective under Rule G(5)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions because it did not state his interest in the currency in question and because it was not signed under penalty of perjury. That rule provides as follows:

> (5) Responsive Pleadings
>> (a) *Filing a Claim*
>>> (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>>>> (A) identify the specific property claimed;
>>>> (B) identify the claimant and state the claimant's interest in the property;
>>>> (C) be signed by the claimant under penalty of perjury; and
>>>> (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Rule G(5)(a)(ii). The government's letter asked Hobbs to submit by June 17, 2013 a claim complying with that rule and also to comply with the rule's requirement that an Answer be filed within 21 days of filing a claim.

Based on certified mail tracking, the government's letter was delivered on June 8, 2013. When the deadlines stated in the letter expired and Hobbs did not amend his claim and did not file an Answer, the government filed its motion to strike on October 3, 2013. As noted above, Hobbs did not respond to the court's Order to Show Cause and has not otherwise attempted to rectify the deficiencies in his claim or to comply with Rule G(5)(a)(i).

The Eleventh Circuit has explained that forfeiture proceedings involve two different forms of standing: Article III standing and statutory standing. To contest a forfeiture, "a claimant

must demonstrate sufficient interest in the property to give him Article III standing; otherwise, there is no 'case or controversy,' in the constitutional sense, capable of adjudication in the federal courts." *See United States v. $38,000 Dollars in U.S. Currency,* 816 F.2d 1538, 1543 n. 12 (11th Cir. 1987).

In the instant case, the Complaint reflects that the currency at issue was in Hobbs's possession at the time the government seized it.  The government does not challenge Hobbs's Article III standing.

In addition to Article III standing, however, claimants in forfeiture proceedings must also establish that they have satisfied statutory standing requirements.  The statutory standing requirements of the supplemental rules, such as Rule G(5)(a)(i), quoted above, "are implicated only when, and as, the statute itself provides." *Id.* at 1344.   The filing of a verified claim is "no mere procedural technicality."  *United States v. $23,000.00 in U.S. Currency,* 356 F.3d 157, 163 (1st Cir. 2004).  Rather, it is a condition precedent to the right to file an Answer to the Complaint and to defend on the merits.  *United States v. One Dairy Farm,* 918 F.2d 310, 311 (1st Cir. 1990).

In the instant case, the government challenges Hobbs's statutory standing because he has not met the requirements of Rule G(5)(a)(i).   The court agrees with the government, and FINDS that Hobbs has not met the requirements of Rule G(5)(a)(I).  Hobbs has not sufficiently stated his interest in the property as required by Rule G(5)(a)(i)(B), and even if the court were to find that he did, Hobbs has not signed the claim under penalty of perjury as required by Rule G(5)(a)(i)(C).   Because Hobbs has not filed a verified claim that is in compliance with Rule G(5)(a)(i) and has not demonstrated his standing to litigate, the court will GRANT the

government's motion and will STRIKE Hobbs's claim.

DONE and ORDERED this 30th day of October, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE